IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

RACHAEL F.,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,[1]

    Defendant.

Civil Action No.
6:19-CV-0076 (DEP)

---

APPEARANCES:

FOR PLAINTIFF

GORTON LAW FIRM
P.O. Box 89
Endicott, NY 13760

FOR DEFENDANT

HON. GRANT C. JAQUITH
United States Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

OF COUNSEL:

PETER A. GORTON, ESQ.

LUCY WEILBRENNER, ESQ.
KRISTINA D. COHN, ESQ.
Special Assistant U.S. Attorneys

---

[1] Plaintiff's complaint named Nancy A. Berryhill, in her official capacity as the Commissioner of Social Security, as the defendant. On June 4, 2019, Andrew Saul took office as Social Security Commissioner. He has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change. *See* 42 U.S.C. § 405(g).

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[2] Oral argument was heard in connection with those motions on January 15, 2020, during a telephone conference conducted on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is

---

[2] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated: January 23, 2020
Syracuse, NY

```
         UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF NEW YORK
         ------------------------------------------------------x
         RACHEL F.,

                              Plaintiff,

         vs.                                      16:19-CV-76

         ANDREW M. SAUL, Commissioner
         of Social Security,

                              Defendant.

         ------------------------------------------------------x

                       DECISION - January 15, 2020

             James Hanley Federal Building, Syracuse, New York

                       HONORABLE DAVID E. PEEBLES

              United States Magistrate-Judge, Presiding



                      A P P E A R A N C E S (by telephone)

          For Plaintiff:    LACHMAN, GORTON LAW FIRM
                            Attorneys at Law
                            1500 East Main Street
                            Endicott, New York 13761
                              BY:  PETER GORTON, ESQ.

          For Defendant:    SOCIAL SECURITY ADMINISTRATION
                            Office of Regional General Counsel
                            26 Federal Plaza
                            New York, New York 10278
                              BY:  LUCY WEILBRENNER, ESQ.




                       Eileen McDonough, RPR, CRR
                     Official United States Court Reporter
                            P.O. Box 7367
                        Syracuse, New York 13261
                            (315)234-8546
```

1      THE COURT: I have before me an application
2 pursuant to 42, United States Code, Sections 405(g) and
3 1383(c)(3) for an order vacating a determination by the
4 Commissioner of Social Security that was adverse to the
5 plaintiff. The background is as follows.
6      Plaintiff was born in February 1984. She is
7 currently 35 years of age. She was 31 years at the time of
8 the amended onset date of October 28, 2015. She lives in
9 Westford, New York, with her husband and two children,
10 including one who was 15 years old at the time of the hearing
11 and disabled with PTSD and traumatic neuro deficiencies. He
12 was previously a resident at Elmcrest, but I believe at the
13 time of the hearing was residing with the plaintiff and her
14 husband. The other child was ten years old at the time of
15 the hearing.
16      Plaintiff is 5-foot, 1-inch in height and weighs
17 approximately 150 pounds. That's at 238 and 444 of the
18 Administrative Transcript. The plaintiff cares for her
19 children, including her disabled son.
20      Plaintiff achieved a GED in 2011. The record is
21 somewhat unclear as to how much schooling she had before
22 achieving the GED. At 424 she stated she finished
23 ninth grade but failed tenth grade. At page 30 she indicated
24 she dropped out of ninth grade. And at 239 she indicated she
25 finished eleventh grade. She acknowledged that she is able

to read and write.

Plaintiff drives. She has worked in the past as a hotel housekeeper at a Best Western Hotel, a grocery store cashier, a drive-thru cashier, and a Dunkin' Donuts cashier. She indicated at page 424 that she was fired from all of the previous jobs that she held.

Physically plaintiff suffers from headaches that she's described as migraines, as well as occasional back pain. Her primary care provider is Dr. Tabasum Nazir with Bassett Medical Center. Although she does complain of headaches, she had a normal neurological exam and CT of her head, at 484. She's been prescribed Imitrex and Motrin. That's at 43 and 484. She tried Topamax in March of 2017 but was unable to tolerate that medication. That's at 518.

Mentally plaintiff has suffered in the past from considerable issues resulting in a one-month hospitalization in 2006, a two-week hospitalization in 2010 and a three-day hospitalization in 2014. She has had prior suicide attempts and has been variously diagnosed, including with depressive disorder, bipolar disorder, anxiety disorder, post-traumatic stress disorder and panic disorder. That's at 38 and 442.

Plaintiff is not currently taking any psychiatric medications, instead choosing to use what she describes as alternate strategies. She counsels with LCSW Liza Butts between every two and three weeks, at 48, and monthly, at

1 439. Much of her counseling centers around marital problems
2 with her husband.
3 　　　　　Plaintiff smokes up to two to three packs of
4 cigarettes per day. That's at 50, 444, 481, 489 and 503 of
5 the Administrative Transcript.
6 　　　　　In terms of activities of daily living, plaintiff
7 cooks daily, and as I indicated previously, takes care of her
8 children, including a disabled son, cleans, does laundry and
9 is able to mop, she drives, shops, does puzzles, watches
10 television, plays computer games, and is able to care for her
11 hygiene needs.
12 　　　　　Procedurally plaintiff had a prior unfavorable
13 decision in connection with earlier applications for Social
14 Security benefits on October 27, 2015 from Administrative Law
15 Judge Robert Wright. The plaintiff applied anew for Title II
16 and Title XVI benefits on November 16, 2015, originally
17 asserting an onset date of July 17, 2012. That was amended
18 at the time of the hearing at page 29 of the Administrative
19 Transcript to October 28, 2015, the day after the earlier
20 unfavorable decision.
21 　　　　　The hearing was conducted by Administrative Law
22 Judge Brian LeCours on November 8, 2017 to address
23 plaintiff's applications. ALJ LeCours issued a decision on
24 January 24, 2018 finding that plaintiff was not disabled at
25 the relevant times, and therefore ineligible for the benefits

1　sought.  That became a final determination of the Agency on
2　November 19, 2018 when the Social Security Administration
3　Appeals Council denied plaintiff's application for review of
4　that determination.  This action followed on January 22,
5　2019.
6　　　　　　In his decision the Administrative Law Judge
7　applied the familiar five-step test for determining
8　disability.  After concluding that plaintiff was last insured
9　on June 30, 2017, he found that she had not engaged in
10　substantial gainful activity during the relevant period at
11　step one.
12　　　　　　At step two the ALJ concluded that plaintiff
13　suffers from severe impairments that provide more than
14　minimal limitations on her ability to perform basic work
15　functions, including migraines, depressive disorder, bipolar
16　disorder, anxiety disorder, and PTSD.
17　　　　　　At step three the Administrative Law Judge
18　concluded that plaintiff's conditions do not meet or
19　medically equal any of the listed presumptively disabling
20　conditions, specifically considering listings 12.04, 12.06
21　and 12.15.
22　　　　　　After surveying the medical evidence, the
23　Administrative Law Judge concluded that plaintiff has the
24　residual functional capacity, or RFC, to perform a full range
25　of work at all exertional levels, but made additional

limitations in the RFC of a non-exertional level to address her physical and psychological issues.

Applying that RFC the Administrative Law Judge concluded at step four that plaintiff is capable of performing her past relevant work as a housekeeper, both as generally performed and as she actually performed it based upon her testimony. Alternatively, based on the testimony of a vocational expert, the Administrative Law Judge concluded that plaintiff is capable of performing work available in the national economy, including as a lab sample carrier, a routing clerk, and a label marker, and found that she was therefore not disabled. In support of his RFC, helpfully the Administrative Law Judge summarized at page 17 of the Administrative Transcript the basis for his findings.

As you know, the task that I face is extremely limited, and the test that I must apply is very deferential. I must determine whether substantial evidence supports the determination, substantial evidence being defined as such evidence as a reasonable mind would find adequate to support the conclusion.

The Second Circuit has noted on several occasions, including in *Brault versus Social Security Administration Commissioner*, at 683 F.3d 443, from the Second Circuit in 2012, that this is a strict standard, even more strict than clearly erroneous. The Second Circuit went on in that case

to indicate that under the substantial evidence test, facts determined by the Administrative Law Judge can be overturned and rejected only if a reasonable fact finder would have to conclude otherwise.

In this case plaintiff has several contentions, one of which has been somewhat abandoned. First, whether there should be some sort of closed period prior to 2016 when the Administrative Law Judge, plaintiff claims, found improvement in plaintiff's condition. I guess the centerpiece of plaintiff's argument is the error in rejecting unanimous opinions concerning plaintiff's ability to maintain a schedule and work on task. There are factual issues cited in plaintiff's brief, and, generally speaking, plaintiff claims that the Administrative Law Judge failed to properly weigh the available medical evidence.

The contention is that the combination of plaintiff's migraines and emotional issues preclude her ability to work. In terms of the closed period, as plaintiff has candidly acknowledged, since the prior decision of October 27, 2015 was not appealed, it is res judicata up until that point in time, and so the modified onset date is appropriately October 28, 2015.

The ALJ seems to have reviewed the entire record and issued a decision that included pre-October 28, 2015 records. A review of the decision and plaintiff's treatment

1  records, as the Commissioner has argued, show remarkable
2  remission of plaintiff's symptoms which were repeatedly
3  described as under control, especially after October of 2015.
4  The Administrative Law Judge did make note of a November 15
5  treatment note at page 15, which is a mere two weeks after
6  the amended onset date, as supportive of his conclusion that
7  plaintiff's symptoms had been in remission.
8       I find no error and I agree with the Commissioner's
9  citation of *Roehm versus Commissioner*, at 2011 WL 6326105,
10 adopting a magistrate judge's decision reported at 2011 WL
11 6318364.  It's a Northern District of New York case from
12 2011.
13      In terms of the on task and the effect of
14 plaintiff's psychological and headache issues, it's clear
15 from the records that plaintiff's psychological condition was
16 described as in remission and under control.  She underwent
17 conservative treatment, no psychiatric or psychological
18 medications.  It is true that she does attend regular
19 counseling with LCSW Butts, but virtually all of the notes of
20 Ms. Butts reflect, quote, "a lot of progress," that the
21 plaintiff presents with euthymic mood and congruent affect.
22      The only exception that I found during the relevant
23 period was March 3, 2016, and that was at a time when
24 plaintiff was suffering from some sort of pain in her mouth.
25 That's at 452.

         In terms of the headaches, she underwent a normal neurological exam and CT scan, at 454. She testified that she gets two to three headaches per month but they usually go away within thirty minutes with medications. That's at 495. She described them as not intractable in March of 2017. That's at page 500. And, significantly, when asked to describe her medical condition by the Consultative Examiner, Dr. Puri, she denied any medical complaints except with regard to her low back. That's at 444. She also did not mention, when she was asked about her medical history, her headaches, to Dr. Mahler, at page 439. The ALJ did address headaches and the fact that noise appears to trigger her headaches by including a limitation in that regard in the RFC.

         In terms of the medical opinions, it is up to the discretion of the Administrative Law Judge to weigh medical opinions and to accept or reject all or some portions. I recognize that, as I indicated, there are opinions from Dr. Mahler, LCSW Butts, and Dr. Nazir, and even to some degree Dr. Bowman, concerning plaintiff's limitations in her ability to perform pursuant to a regular schedule.

         Dr. Mahler's opinion was properly rejected based on the indication in plaintiff's progress notes from LCSW Butts, the fact of a normal psychiatric exam and the fact that plaintiff takes no medications, and I believe the explanation

1  was appropriate and sufficient to permit meaningful judicial
2  review.
3      LCSW Butts is not an acceptable medical source.  It
4  is true that she has probably the most contact with the
5  plaintiff.  Dr. Bowman's opinions were entitled to
6  consideration and it is true at page 70 he finds a moderate
7  limitation in the ability to maintain a regular schedule, but
8  provides narrative explanation at 71 to 72 that suggests that
9  the plaintiff is able to work.  And, of course, the Second
10 Circuit when it comes to consultative examiners has cautioned
11 against placing too much reliance.
12     I did read and reread and re-reread the decision in
13 *Stacy*.  That, however, was a case of a treating source's
14 opinion that was rejected.  It's not binding in precedent.  I
15 think this case is more akin to *Smith versus Berryhill,* which
16 is at 2018 Westlaw 3202766, Second Circuit case from June of
17 2018, also a summary order.
18     I struggle with this case.  I struggle with all of
19 these cases that contain opinions about absenteeism and off
20 task, but in this case I believe the Administrative Law Judge
21 had before him enough indication in the counseling and
22 treatment records to properly reject the opinions that
23 indicated plaintiff did not have that ability.
24     The finding at step four where plaintiff bears the
25 burden was appropriate based on the RFC, and the testimony of

1  the vocational expert, and certainly at step five where the
2  Commissioner has the burden, in any event, the vocational
3  expert testified based on a hypothetical that approximated
4  the RFC finding that plaintiff was able to perform work in
5  the national economy, and therefore the Commissioner's burden
6  at step five was met.
7        So I will, in summary, grant judgment on the
8  pleadings to the defendant. I found this to be a close case
9  and I thought both presentations were excellent and I enjoyed
10 working with you. Hope you have a good afternoon.
11                *             *             *

C E R T I F I C A T I O N


      I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.


*Eileen McDonough*
_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter